**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:05CR327** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Judge John M. Manos** |
| | ) | |
| **LEMUEL MILTON,** | ) | |
| | ) | |
| **Defendant.** | ) | **MEMORANDUM OF OPINION** |

On July 8, 2005, Lemuel Milton, Defendant, was arraigned. (Docket No. 34.) The Court ordered pretrial detention. On July 11, 2005, he filed a motion requesting a detention hearing, (Docket No. 8.), which was held on July 13, 2005. For the following reasons, the motion for pretrial release is **DENIED**. The Defendant shall remain in custody.

### I. BACKGROUND

On July 07, 2005, an indictment was filed under seal charging Defendant with one (1) count of conspiracy to possess with intent to distribute cocaine and cocaine base (crack) in violation of 21 U.S.C. § 846; one (1) count of knowingly and intentionally distributing approximately 26.69 grams of a

mixture or substance containing a detectable amount of cocaine, a Schedule II drug controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); one (1) count of knowingly and intentionally possessing with the intent to distribute approximately four kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II drug controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2; and six (6) counts of using a communication facility to facilitate the commission of a drug trafficking offense in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.

The Government moved for pretrial detention, and on July 13, 2005, the Court held a hearing. According to the Government, the Defendant, at the time of his arrest, had in his possession four kilograms of cocaine and a concealed 45 caliber handgun. He is considered a serious drug trafficker, receiving multiple kilogram amounts of cocaine on a monthly basis. (Tr. at 11-12, 14.)

Pretrial services represented to the Court that the Defendant has a lengthy criminal record, including a prior drug trafficking offense, one instance of not appearing for a probation violation hearing, and another instance of not paying his court ordered fines. (Tr. at 13-14.)

The Defendant responded that he has significant ties to the community and that he has successfully completed a community control program without incident. (Tr. at 10, 12-13.)

## II.   LAW AND ANALYSIS

A Court shall order detention if it finds that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community. 18 U.S.C. § 3142(e). Either risk of flight or danger can be the basis for detention. United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). The United States must prove risk of danger by

clear and convincing evidence, and risk of flight by preponderance of the evidence. United States v. Chimurenga, 760 F.2d 400, 405 (2d. Cir. 1985).

When making a determination on detention, the Court considers (1) the nature of the offense, including whether it involves a narcotic drug, (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to the community. 18 U.S.C. § 3142(g). The third factor includes whether the current offense was committed while the defendant was on probation or parole. 18 U.S.C. § 3142(g)(3)(B). The rules of evidence for trial do not apply when considering detention. 18 U.S.C. § 3142(f).

The Court concludes that the Government has met its burden of demonstrating that the Defendant represents a danger to the community and a risk of flight. First, the nature of the offense is very serious as it involves narcotic drugs. Second, the evidence against the Defendant is very strong. The Government has intercepted several drug-related phone conversations and found, in the Defendant's possession, a large amount of cocaine and a concealed firearm. Third, the Defendant has a criminal background that includes a drug trafficking offense, once instance of not appearing for a court-ordered hearing, and another instance of not paying his court-ordered fines. Finally, the evidence suggests that the Defendant is a serious armed drug trafficker and poses a serious threat to the community. Although he does have some family ties to the community, this fact does not outweigh the other factors that strongly favor detention.

The Defendant argues that because he has successfully completed a community control program without incident, conditions of release could insure that he is not a danger to the community nor a flight risk. The Court disagrees. The evidence shows that upon completing this program, the

-3-

Defendant immediately went back to trafficking drugs into the community.

### III. CONCLUSION

For the foregoing reasons, the motion for bond is **DENIED**. The pretrial detention order shall remain in effect.

**IT IS SO ORDERED**

**Date: August 4, 2005**           */s/ John M. Manos*
                                   **UNITED STATES DISTRICT JUDGE**